IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANDY C. NOWELL, # 304147, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 3:17cv873-ECM-JTA |
| | ) | [WO] |
| WALTER MYERS, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on November 21, 2017, by Andy C. Nowell. *See* Docs. 1, 9.[1] Nowell challenges his 2015 Russell County, Alabama conviction for sexual abuse of a child under the age of twelve and his resulting 12-year sentence. Respondents argue that Nowell's petition is time-barred under AEDPA's one-year limitation period. Doc. 16. The court agrees and finds the petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

### I.  BACKGROUND

**A.  State Criminal Conviction**

On January 26, 2015, Nowell pled guilty in the Russell County Circuit Court to the offense of sexual abuse of a child under the age of twelve, in violation of § 13A-6-69.1,

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Ala. Code 1975. *See* Doc. 16 at 1; Doc. 16-2 at 12. The trial court sentenced Nowell to 12 years in prison. *See* Doc. 16-2 at 13.

Nowell appealed, arguing that the trial court erred by (1) denying his suppression motion, (2) preventing him from presenting a psychologist as an expert to support a false-confession defense, and (3) denying his recusal motion. Doc. 16-2.

On March 11, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Nowell's conviction and sentence. Doc. 16-3. Nowell applied for rehearing, which was overruled on April 1, 2016. Docs. 16-4, 16-5. The Alabama Supreme Court denied his petition for writ of certiorari on June 10, 2016. Docs. 16-6, 16-7, 16-8. That same date, a certificate of judgment was entered. Doc. 16-9. Nowell did not seek certiorari review in the United States Supreme Court.

**B.    Federal Habeas Petition**

Nowell filed this § 2254 petition for habeas corpus relief on November 21, 2017. *See* Docs. 1, 9.[2] Nowell's petition includes claims that (1) his court procedure was unlawfully implemented because he was not convicted in open court; (2) he was the victim of a coverup; (3) he is actually innocent; and (4) he was tricked into pleading guilty. Doc.

---

[2] Nowell originally filed his *pro se* petition—on a short, handwritten document—in the United States District Court for the Middle District of Georgia ("USDC/MDGA"). Doc. 1. Although the petition was stamped as received on November 27, 2017, Nowell represented that he signed the petition on November 21, 2017. Under the prison mailbox rule, the petition is deemed to be filed on the earlier date. **Error! Main Document Only.***See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). On December 29, 2017, after Nowell amended and recast his petition using the proper form for a § 2254 petition, the USDC/MDGA transferred the petition to this court under 28 U.S.C. § 1404(a). Doc. 4; Docs. 8–11.

9; *see* Doc. 1. Respondents filed an answer (Doc. 16) arguing that Nowell's petition is time-barred under AEDPA's one-year limitation period. *See* 28 U.S.C. § 2244(d).

## II. DISCUSSION

### A. AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. 28 U.S.C. § 2244(d) of AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court denies a petition for writ of certiorari, issues a decision on the merits, or when the 90-day period in which to petition the Supreme Court for certiorari expires. *Nix v. Sec'y for the Dep't of Corr.,* 393 F.3d 1235, 1236–37 (11th Cir. 2004). During the direct-review stage of his case, Nowell filed no petition for writ of certiorari with the United States Supreme Court. Consequently, Nowell's conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on September 8, 2016—i.e., 90 days after June 10, 2016, the date on which the Alabama Supreme Court denied his petition for writ of certiorari on direct review and a certificate of judgment was issued. *See Pugh*, 465 F.3d at 1299 (if prisoner does not petition the United States Supreme Court for certiorari review, his conviction "becomes final when the time for filing that petition expires"). Therefore, absent some tolling event, statutory or equitable, Nowell had until September 8, 2017, to file a § 2254 petition considered timely.

*1. Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which

4

a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006).  When Nowell filed his § 2254 petition, he had not filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  Therefore, he was not entitled to tolling under § 2244(d)(2) during the period when AEDPA's one-year limitation period ran unabated from September 8, 2016, to its expiration on September 8, 2017.  Nowell filed his § 2254 petition on November 21, 2017—over two months after expiration of the AEDPA limitation period set forth in § 2244(d)(1)(A).

Information available at the Alabama trial court website https://v2.alacourt.com/ reflects that Nowell filed an Alabama Rule 32 petition in the state trial court in December 2017.  That filing, however, had no tolling effect under § 2244(d)(2), because, as recounted above, AEDPA's limitation period expired on September 8, 2017—before the Rule 32 petition was filed.  A Rule 32 petition does not toll the federal limitation period under § 2244(d)(2) if the limitation period has expired prior to filing the Rule 32 petition.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.").

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Nowell by affording a different triggering date so that AEDPA's limitation period commenced on some date later than September 8, 2016, or expired on some date later than September 8, 2017. There is no evidence that an unlawful state action impeded Nowell from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Nowell submits no ground for relief with a factual predicate not discoverable earlier with due diligence, *see* 28 U.S.C. § 2244(d)(1)(D). Nowell also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

### *2. Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308

6

(11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Nowell makes no argument for equitable tolling. Therefore, his petition is time-barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

### 3. *Actual Innocence*

The AEDPA statute of limitations can be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, Nowell claims he is actually innocent and supports this contention with the following allegations: "She's a fortune hunter [sic] and the DA had to get rid of me. There's no recording of my plea at all." Doc. 9 at 9. Elsewhere, Nowell alleges that the victim was manipulated by his former wife into fabricating allegations against him and that the case against him derived from a conspiracy to "get his money and property" and to coverup wrongdoings by the local district attorney and others. Doc. 19 at 1-2; *see also* Docs. 21, 25, 26.

The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Unsupported conclusory allegations like Nowell's cannot sustain a claim of actual innocence. A jury presented with such allegations would still very likely find Nowell guilty of the charged offense. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Nowell's is not such a case. Because the actual innocence exception does not apply, the claims in Nowell's time-barred § 2254 petition are not subject to federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Nowell's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 10, 2020.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous,

conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of October, 2020.

                     /s/ Jerusha T. Adams
                    JERUSHA T. ADAMS
                    UNITED STATES MAGISTRATE JUDGE